UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 05-cv-01781-MSK-CBS

ROBERT B. MAESTAS,

    Plaintiff,

v.

WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO,

    Defendant.

## PROTECTIVE ORDER

    This matter is before the Court on the parties' Joint Motion for a Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This Court has been duly advised in the premises, finds that good cause has been shown and grants the same as follows:

    WHEREAS, the parties to this action believe that certain interrogatories, requests for admission, requests for production of documents, subpoenas of non-parties, and depositions of parties and non-parties may require disclosure of trade secrets or other confidential information, including research, development, commercial and financial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

    WHEREAS IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, that the following Stipulated Protective Order shall govern the use and handling of documents, depositions, deposition exhibits, and other written, recorded, or graphic matter and materials produced during discovery ("Produced Materials") by any of the parties to this action or

third parties responding to a discovery request or subpoena (a "Producing Party") which contain trade secrets or other confidential research, development, marketing, financial, competitive, or commercial information;

WHEREAS, the parties need to ensure that no unfair advantage is gained by a party or lost to third parties or non-parties through disclosure or use of any trade secrets or other confidential information which may be obtained or disclosed during discovery in this case.

WHEREAS IT IS HEREBY STIPULATED AND AGREED, that if, pursuant to proceedings in this action, any party (a) produces information or permits inspection or sampling of any tangible thing, whether informally or in response to oral examination, written interrogatories, requests for admission, requests for production of documents, requests for inspection, subpoena, or subpoena duces tecum, which any party or other person claims to constitute its trade secrets or other confidential information, including research, development, commercial and financial information, or (b) receives, by an oral or written communication, information which any party or other person claims to constitute its trade secrets or other confidential information, including research, development, commercial, or financial information, the following procedures shall be employed and the following restrictions shall govern.

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) Western Reserve Life Assurance Co. of Ohio, (b) any past or present employee or agent of Western Reserve Life Assurance Co. of Ohio, and (c) Plaintiff. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including the Plaintiff and designated representatives for the Defendant;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

  (f)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g)  deponents, witnesses, or potential witnesses; and

  (h)  other persons by written agreement of the parties.

  5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

  7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record after notice by the court reporter of the completion of the transcript.

  8.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice

shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party contesting the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.

9.  At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 6th day of April, 2006.

                                                   BY THE COURT:

                                                   *s/Craig B. Shaffer*
                                                   Craig B. Shaffer
                                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 05-cv-01781-MSK-CBS

ROBERT B. MAESTAS,

    Plaintiff,

v.

WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO,

    Defendant.

_____

    The undersigned, _____, hereby acknowledges that he or she has received a copy of the Protective Order entered in Robert Maestas v. Western Reserve Life Assurance Co. of Ohio, has read the same in its entirety and agrees to be bound by all the provisions thereof.  The undersigned further agrees to submit to the jurisdiction of the United States District Court for the District of Colorado for all disputes arising under the Protective Order and understands that failure to comply with the terms of the Protective order may constitute contempt of court.

Date _____      _____

**EXHIBIT A**